# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

CLIFFORD LEWIS, JR.,

        Petitioner,

v.                                    Case No. 07-10187

HAROLD WHITE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Clifford Lewis, Jr., has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state convictions for child sexually abusive activity, Mich. Comp. Laws § 750.142c(2), and possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4). In his habeas petition, Petitioner raises a Fourth Amendment claim, a double jeopardy claim, and two claims regarding his sentence. None of Petitioner's claims entitle him to relief. Therefore, the court will deny his habeas petition and will additionally deny a certificate of appealability.

## I. BACKGROUND

The charges in this case arose from allegations that Petitioner possessed child pornography on his computer and took pornographic pictures of a six-year-old child for whom he baby-sat. Petitioner later admitted to police that he used a web camera to photograph the child and subsequently downloaded many images to his computer. Petitioner understood that what he did was wrong. Petitioner did not testify at trial or

present any witnesses. In his defense, Petitioner argued that his son, who informed the police about Petitioner's activities, was not credible. Petitioner also argued that his conduct was not as injurious as other forms of child sexually abusive activity because he did not touch the victim, he did not perform any of the charged acts outside his own home, and he not profit from any of the activities.

On February 6, 2003, an Oakland County Circuit Court jury found Petitioner guilty, as charged, of ten counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), and one count of possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4). The trial court sentenced Petitioner to one year in the county jail for possessing child sexually abusive material and ten to twenty years in prison for the ten counts of child sexually abusive activity, with credit for 832 days.

Petitioner raised his Fourth Amendment claim and his two sentencing claims in an appeal of right in state court. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished *per curiam* opinion. *See People v. Lewis*, No. 248953, 2005 WL 354591 (Mich. Ct. App. Feb. 15, 2005). Petitioner raised the same issues and a new claim alleging a violation of the Double Jeopardy Clause in the Michigan Supreme Court. On October 13, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Lewis*, 704 N.W.2d 466 (Mich. 2005).[1]

---

[1] Justice Marilyn Kelly voted to hold the case in abeyance for a decision in *People v. Drohan*, *leave granted*, 693 N.W.2d 823 (Mich. 2005).

Petitioner filed his habeas corpus petition on January 11, 2007. His grounds for relief read:

> I. All of the physical evidence, as well as Defendant's confession, were obtained in derogation of the Defendant's 4th Amendment right to be free of unlawful search and seizure, and should have been excluded from evidence as "fruit of the poisonous tree," thereby requiring reversal of convictions.
>
> II. Defendant's 5th and 14th Amendment rights of the United States Constitution were violated when he was charged with multiple counts for a single offense, violating the Double Jeopardy Clause, and therefore, if the court affirms Defendant's conviction, due process requires resentencing before a different judge.
>
> III. Defendant's sentence was illegally imposed where several of the offense variables were incorrectly scored, thereby violating the defendant's 6th Amendment right of due process. Therefore due process requires resentencing before a different judge.
>
> IV. Defendant's sentence was illegally imposed where the trial court exceeded the sentencing guidelines without substantial and compelling reasons, and based on facts not objectively verifiable, therefore Defendant's 6th Amendment right was violated where Defendant was sentenced upon facts not found by a jury. Therefore due process requires that resentencing before a different judge.

(Petr.'s Mot. at i-ii.)

Respondent urges the court to dismiss the habeas petition on the grounds that Petitioner did not exhaust state remedies regarding his double jeopardy claim and that his other claims lack merit or are not cognizable on habeas review. While Petitioner did not raise his double jeopardy claim in both state appellate courts, as required by 28 U.S.C. § 2254(b)(1), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the exhaustion requirement is not a jurisdictional one. *White v. Mitchell*, 431 F.3d 517, 526

3

(6th Cir. 2005), *cert. denied Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006).  Even if Petitioner had exhausted his state court remedies, none of Petitioner's claims warrant granting a writ of habeas corpus under the applicable standard of review.

## II.  STANDARD OF REVIEW

Petitioner is not entitled to the writ of habeas corpus unless the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

## III.  DISCUSSION

### A.  The Fourth Amendment Claim

Petitioner alleges that the police violated his Fourth Amendment right to be free from unlawful searches and seizures when they confiscated his computers and searched their contents without his permission.  Petitioner claims that the trial court should have suppressed both the physical evidence seized and Petitioner's confession as poisonous fruits of the illegal search and seizure.

The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976).  For a "full and fair" opportunity to have existed, "the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism."  *Gilbert v. Parke*, 763 F.2d 821, 823 (1985) (citing *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)).

The state not only provided such a mechanism, Petitioner also, in fact, availed himself of the state mechanism for raising his Fourth Amendment claim.  The state trial court conducted an evidentiary hearing in this case and concluded at the close of the hearing that the search warrant was not tainted.  The Michigan Court of Appeals subsequently adjudicated Petitioner's claim on the merits and concluded that the trial court did not err in denying Petitioner's motion to suppress the disputed evidence.  The Michigan Supreme Court also had an opportunity to review Petitioner's claim.

Petitioner had a full and fair opportunity for presentation of his claim in state court. Accordingly, his Fourth Amendment claim is not cognizable on habeas review, and the court will deny Petitioner's habeas petition with respect to this claim.[2]

### B. Double Jeopardy

Petitioner next alleges that his right not to be placed in double jeopardy was violated because he was charged with, and convicted of, multiple counts for a single offense. Petitioner states that he took all the pornographic pictures in a sequence during a five-minute period of time and that he should have been charged with committing only one count of child sexually abusive activity. He maintains that the pictures he took were part of a single, ongoing criminal episode.

No state court evaluated Petitioner's double jeopardy claim. Therefore, the deferential standard of § 2254(d) does not apply, and the court's review is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

The Double Jeopardy Clause of the Fifth Amendment provides that no person may "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects against multiple punishments for the same offense, *Witte v. United States*, 515 U.S. 389, 391 (1995), but a single transaction can give rise to distinct offenses without violating the Double Jeopardy

---

[2] Moreover, even if the court were to determine that Lewis's Fourth Amendment claim was not foreclosed by *Stone,* the court could not also conclude that the state courts' determination –that the search warrant was not tainted– was a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

6

Clause, *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981). "Whether punishments are 'multiple' under the double jeopardy clause is essentially a question of legislative intent." *Banner v. Davis*, 886 F.2d 777, 779-80 (6th Cir. 1989) (citing *Ohio v. Johnson*, 467 U.S. 493, 499 (1983)). Furthermore, a federal habeas court is bound by a state court's construction of its own statutes and a state court's determination of its legislature's intent. *Id.* at 780.

In Michigan, a person is guilty of engaging in child sexually abusive activity if the person "persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material . . . ." Mich. Comp. Laws § 750.145c(2). "Child sexually abusive material" includes photographs, pictures, electronic visual images, and computer-generated images. Mich. Comp. Laws § 750.145c(1)(m).

In *People v. Smith*, 517 N.W.2d 255 (1994), the defendant took more than one photograph, but on only one occasion. The Michigan Court of Appeals set aside three of the defendant's four convictions for child sexually abusive activity because there was insufficient evidence regarding the number of occasions when child sexually abusive activity occurred. *Id.*

In *People v. Harmon*, 640 N.W.2d 314 (2001), the defendant was charged with four counts of making child sexually abusive material. The defendant took a total of four photographs, two photographs of each of his two victims, but on one occasion. *Id.* The defendant, relying on *Smith*, argued that the evidence supported only two convictions, one for each victim, because the four photographs derived from a single photographic session. The Michigan Court of Appeals rejected the defendant's argument and

7

concluded that there was no reason the defendant could not be convicted of four counts of making child sexually abusive material under Mich. Comp. Laws § 750.145c(2). Because Harmon had made four photographs, the court of appeals determined that he could be convicted of four counts under the plain language of the relevant statutes. *Harmon*, 640 N.W.2d 314. The court of appeals distinguished Harmon's case from *Smith*, by noting that, in *Smith*, it had been concerned with the lack of evidentiary specificity regarding the number of photographs. *Id.*

The Sixth Circuit's decision in *Hack v. Elo*, 38 Fed. Appx. 189 (6th Cir. 2002), is also instructive.[3] Hack was convicted of two counts of producing child sexually abusive material under Michigan state law. Although he created only one videotape, he coerced two children to engage in sexual acts. The Sixth Circuit held that no double jeopardy violation existed because the Michigan Court of Appeals had found that the Michigan Legislature clearly provided that a felony is committed when a person induces a child to perform prohibited acts. *Id.* In other words, the Michigan Court of Appeals "rejected Hack's assertion that the statute prohibits only the act of producing the 'material.'" *Id.* at 195 (citing *People v. Hack*, 556 N.W.2d 187, 191 (1996)).

It was undisputed at Petitioner's trial that he took at least ten photographs of the child victim. Under *Harmon* and *Hack*, each photograph can be considered an act of child sexually abusive activity even though the photographs were taken on a single

---

[3] Unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

occasion. Therefore, the Double Jeopardy Clause was not violated with respect to Petitioner, and the court will deny Petitioner's habeas petition regarding this claim.

## C. The Sentence

Petitioner's third and fourth habeas claims attack the legality of Petitioner's sentence. Petitioner alleges that (1) several offense variables of the state sentencing guidelines were incorrectly scored, (2) the trial court exceeded the sentencing guidelines without providing substantial and compelling reasons, and (3) he was sentenced on the basis of facts not objectively verifiable or determined by a jury.

The state court's alleged misinterpretation of the Michigan sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a claim for which habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241).

Petitioner's only constitutional claim regarding his sentencing is that the trial court violated his right to due process of law by its use of facts not determined by a jury. Petitioner's argument is based on *Blakely v. Washington*, 542 U.S. 296 (2004); however, the Sixth Circuit has held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th

9

Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008). Therefore, Petitioner is not entitled to relief on the basis of his *Blakely* claim, and the court will deny his habeas petition with respect to this claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not

debate the court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 13, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522